NO. 12-02-00268-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 APPEAL FROM THE 30TH


IN THE MATTER OF T.T.G.,

A JUVENILE
§
 JUDICIAL DISTRICT COURT OF



§
 WICHITA COUNTY, TEXAS






 MEMORANDUM OPINION


 T.T.G. appeals the modification of her probation, following which she was committed to the
Texas Youth Commission for an indeterminate period. T.T.G. raises one issue on appeal. We
affirm.


Background

 On February 14, 2002, T.T.G. was found to have engaged in delinquent conduct by
committing the offenses of theft and assault and was placed on probation with the Wichita County
Juvenile Probation Department. On July 29, 2002, the State filed a petition to modify and extend
T.T.G.'s disposition, alleging that T.T.G. had violated certain terms of her probation. Specifically,
the State alleged in four separate counts that T.T.G. (1) failed to attend school, (2) left Wichita
County without court approval, (3) failed to be inside her residence at the designated curfew time,
and (4) tampered with or removed her electronic ankle monitor. 

 On August 8, 2002, a hearing was held on the State's motion. T.T.G. pleaded true to the four
allegations in the State's petition. The trial court found that T.T.G. had violated the terms of her
probation and ordered that T.T.G. be committed to the Texas Youth Commission for an
indeterminate period. 


Ineffective Assistance of Counsel

 In her sole issue, T.T.G. contends that her trial counsel was ineffective. Among the reasons
cited by T.T.G. are that her attorney (1) failed to make adequate inquiries into T.T.G.'s documented
mental health history and diagnoses by failing to have T.T.G. reevaluated for disposition purposes,
(2) failed to call the mental health professionals who had previously evaluated T.T.G. to give expert
testimony about appropriate disposition, (3) failed to have T.T.G. evaluated for fitness, and (4) failed
to move that the court hold fitness proceedings as provided in the Texas Family Code. (1)

 The proper standard by which to gauge the adequacy of representation by counsel is
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). See
also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The test set forth in
Strickland requires a two-step analysis:



 Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did the defense
attorney's representation fall below an objective standard of reasonableness under prevailing
professional norms? 

 If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the
proceedings could have been different?



See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The test in Strickland applies to juvenile cases
as well. See, e.g., In the Matter of R.D.B., 20 S.W.3d 255, 258 (Tex. App.-Texarkana 2000, no
pet.). 

 A "reasonable probability" was defined by the Supreme Court as a "probability sufficient to
undermine confidence in the outcome." Id. Counsel is strongly presumed to have rendered adequate
assistance and to have made all significant decisions in the exercise of reasonable professional
judgment. See Hernandez, 726 S.W.2d at 55. The burden is on the appellant to overcome that
presumption. See Burruss v. State, 20 S.W.3d 179, 186 (Tex. App.-Texarkana 2000, pet. ref'd). 
The appellant must show specific acts or omissions that constitute ineffective assistance and
affirmatively prove that those acts fall below the professional norm for reasonableness. Id. 

 After proving error, the appellant must affirmatively prove prejudice. Id. The appellant must
prove that his attorney's errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. Id. It is not enough for the appellant to show that the
errors had some conceivable effect on the outcome of the proceedings. Id. He must show that there
is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable
doubt about his guilt. Id. 

 In the case at hand, T.T.G. argues at length as to why certain actions on her trial counsel's
behalf fell below the professional norm. However, even assuming arguendo that T.T.G.'s trial
counsel's actions, as noted in T.T.G.'s brief, satisfied the first prong of the Strickland test, T.T.G.
must still affirmatively prove prejudice. See Burruss, 20 S.W.3d at 186. It is not enough for the
appellant to merely show that the errors had some conceivable effect on the outcome of the
proceedings. Id. 

 In her brief, after noting her burden under the second prong of the Strickland test, T.T.G.
states, "Appellant argues in the case at bar that if Defense counsel had either obtained a more current
evaluation of Appellant, at least subpoenaed Dr. Sabine to testify about his prior evaluation and
report, or had Appellant evaluated for fitness, a 'reasonable probability' exists that the result would
have been different and that disposition would not have been commitment to TYC." Such a
conclusory statement is not an adequate means by which T.T.G. can satisfy her burden of proof. 
Despite repeated readings of T.T.G.'s brief, we can uncover no argument specifically addressing the
second prong of the Strickland test. 

 We iterate that the burden of proof as to this issue rests squarely upon T.T.G.. See Burruss,
20 S.W.3d at 186. As such, we will neither surmise nor devise our own conclusions absent some
cogent argument on T.T.G.'s behalf that but for her counsel's alleged unprofessional errors, there
exists a reasonable probability that the result of the proceedings would have been different. 

Conclusion

 Since T.T.G. has failed to satisfy her burden under Strickland, we hold that she was not
denied her right to effective assistance of counsel. T.T.G.'s sole issue is overruled and the judgment
of the trial court is affirmed.

 JAMES T. WORTHEN 

Opinion delivered July 16, 2003. Chief Justice

Panel consisted of Worthen, C.J. and Griffith, J.



(PUBLISH)
1. See Tex. Fam. Code Ann. § 55.31 (Vernon 2002).